IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 12, 2016

**CHARLIE A. CLARK v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Henderson County**
**No. 15001    Roy B. Morgan, Jr., Judge**

_____

**No. W2015-01484-CCA-R3-PC  -  Filed November 22, 2016**

_____


Petitioner, Charles Anderson Clark, appeals from the post-conviction court's denial of his post-conviction petition for relief. Petitioner alleges that the post-conviction court erred by not considering all of the proof presented in regard to the racial makeup of the jury. Petitioner further contends that he received ineffective assistance of counsel due to his trial counsel's failure to locate certain individuals to serve as witnesses. After review, we conclude that Petitioner has failed to establish that he is entitled to post-conviction relief, and affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Chadwick R. Wood, Lexington, Tennessee, for the appellant, Charlie A. Clark.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; James G. (Jerry) Woodall, District Attorney General; and Angela Scott, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Background*

This court summarized the facts of this case, on direct appeal, as follows:

On or about July 10, 2012, two sexual encounters occurred between the victim and the Defendant-Appellant, a friend of the victim's roommate.

Early that morning, around 4 a.m., the victim's roommate asked her to allow the Defendant-Appellant to wait inside their home until his ride arrived. Although the victim had previously expressed misgivings about the Defendant-Appellant, she reluctantly agreed. However, she told her roommate that she preferred for the Defendant-Appellant to wait on the front porch. The victim fell asleep on the futon in the living room and was later awakened by the Defendant-Appellant "putting his hands down [her] pants." She told him to stop, immediately went to her bedroom, and locked the door behind her.

The victim was awakened again later that morning with the Defendant-Appellant on top of her. She said that the Defendant-Appellant was penetrating her anally with his penis. She was unable to scream for help because he had her pinned down, pushing her face into a pillow with his left arm pressing against her neck. . . .

*State v. Charles Anderson Clark, Jr.*, No.W2014-00445-CCA-R3-CD, 2014 WL 7204525 (Tenn. Crim. App. Dec. 17, 2014), *no perm. app. filed*.

Petitioner was convicted of rape by a Henderson County jury, and was sentenced to 25 years as a Range III, persistent offender. Petitioner appealed to this court, and in an opinion filed on December 17, 2014, this court affirmed the judgment of the trial court. *Id.* Petitioner did not seek permission to appeal to the Tennessee Supreme Court, but filed a *pro se* petition for post-conviction relief. The post-conviction court appointed counsel, and held an evidentiary hearing on the petition.

*Post-conviction hearing*

A post-conviction hearing was conducted on June 5, 2015. Petitioner did not testify. The post-conviction court was presented with testimony from Petitioner's trial counsel, two of Petitioner's acquaintances, and Petitioner's cousin.

Petitioner's trial counsel testified that Petitioner sent many letters to him from jail and that he personally met with Petitioner approximately six times. Trial counsel testified that he discussed trial strategy with Petitioner at those visits, and trial counsel stated that the primary strategy was to discredit the testimony of the alleged victim by presenting evidence that the victim's story was inconsistent. Trial counsel testified that Petitioner gave him several names and phone numbers of individuals that Petitioner wanted to call as witnesses. However, after attempting to contact the potential witnesses, trial counsel discovered that none of the phone numbers were working numbers, and most of the names were "street" names. Trial counsel specifically recognized the names

Cortney Morton and Andre Rice. Trial counsel testified that he was unable to locate these individuals despite looking up the given phone numbers, asking members of the community how to find them, and further, searching for information about the individuals on the Internet. Trial counsel testified that, as part of his strategy, he advised Petitioner not to testify at trial due to Petitioner's 19 prior felony convictions.

Cortney Morton, Petitioner's life-long friend, testified that he had seen Petitioner with the victim several times, and he believed Petitioner and the victim were in some type of relationship. Mr. Morton further testified that he had been living in Jackson the entire relevant time period and would have given the same testimony at trial, but he was not contacted by anyone. Mr. Morton also testified that he was not present when the alleged rape took place and that he had written to Petitioner while Petitioner was in jail, so Petitioner should have known his address.

Similarly, Andre Rice testified that he had seen Petitioner and the victim together several times and that he believed them to be in a relationship. Mr. Rice further testified that his testimony would have been the same if he had been subpoenaed to come to the trial and that he did not attempt to contact Petitioner's attorney even though he knew that the attorney was looking for him.

Rose McGoughy, Petitioner's cousin, testified that she assisted in hiring Petitioner's trial attorney and that she provided Petitioner's attorney with several names of potential witnesses, including Cortney Morton and Andre Rice. Ms. McGoughy further testified that she could have brought Mr. Morton and Mr. Rice to the trial, but she asked Petitioner's trial counsel and he did not request that she bring them.

As pertinent to the issues presented on review, the post-conviction court made the following oral findings of fact in denying the petition for post-conviction relief:

> I also note it's been mentioned in closing argument about this jury pool, all white jury pool. There's been no proof today, other than an allegation. Allegations are easy to make, but that's not carrying the burden by clear and convincing evidence of any violation regarding the makeup of the jury pool.
>
> . . .
>
> Now as to the other allegations, we agreed on the front end that we're now looking really at ineffective assistance of counsel allegations.

The Court finds specifically from the sworn testimony, without a doubt, the Defendant and/or the Defendant's family, which includes Ms. McGoughy, claim today that they had specific information about witnesses. Trial counsel has sworn under oath that information as far as addresses or furnishing those witnesses never took place. Again, I have to judge the credibility of the witnesses. Ms. McGoughy said she never carried them down to him, she never brought them. She said something about he told her not to get them here, but I don't find that the burden has been carried as to the allegations of the Defendant not finding the witnesses and investigating these witnesses further. . . . the fault lies with the Defendant and his family if they knew. Even the witnesses who testified today said they knew where we were. "I was at this house at this location," but they didn't give it to counsel; they didn't give that address. Now whose fault it that? Not counsel falling below any standard by any means. And I emphasize that in two or three respects further. So [trial counsel] only knew what he thought the witnesses might have said if they had gotten those witnesses or if they had brought them to trial. He emphasized that the Defendant was urgent to get on to trial, which was the explanation why another continuance was not requested.

. . .

Mr. Cortney Morton testified, "I was even writing the Defendant while he was in jail, telling him to keep his chin up." The Defendant had every way of getting that information of that witness in. He could have told Mr. Morton, "You go see my lawyer." He didn't do it. Mr. Rice said, you know, "I saw the Defendant with the victim."

. . .

He said on cross examination, "I knew the Defendant was charged. I did not go help. The Defendant did not ask me to help. The Defendant's family didn't ask me to help, and they knew my location." Again, can't note that counsel fell below any standard in that respect.

And again, Ms. McGoughy who is actually a cousin . . . has testified to what she didn't do. She never gave the addresses, didn't get them in, et cetera.

So when there's the specific allegations alleged in the petition again faulting counsel for not investigating witnesses, the Court finds the burden has not been carried in that respect.

I also want to note that even new evidence from these witnesses, having recalled the whole testimony during the course of the trial, I don't find

4

that there would be any reasonableness as to the possibility of the error affecting the outcome or changing the outcome of the trial.

*Analysis*

Petitioner asserts on appeal that the post-conviction court erred by finding insufficient evidence to review the makeup of the jury panel. Petitioner further contends that he received ineffective assistance of counsel due to his trial counsel's failure to locate the witnesses that he was informed of.

To prevail on a petition for post-conviction relief, the burden is on the petitioner to prove all factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *See also, Jaco v. State*, 120 S.W.3d 828, 830 (Tenn. 2003). Relief will be granted if the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States of America. T.C.A. § 40-30-103.

On review, the post-conviction court's findings of fact are reviewed under a *de novo* standard with a presumption of correctness, unless the evidence preponderates against them. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001)(citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997). Conclusions of law, however, are reviewed under a purely *de novo* standard, with no presumption of correctness. *Id*. In a petition alleging ineffective assistance of counsel, this court will apply a purely *de novo* review with no presumption of correctness. *Id*. at 457.

To prevail on a claim of ineffective assistance of counsel, Petitioner must show that the performance of his trial counsel was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 205, 280 L. Ed. 2d 674 (1984); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In order to show deficient performance, Petitioner must show that the trial counsel's conduct fell below an "objective standard of reasonableness under prevailing professional norms." *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996)(citing *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2065; *Baxter*, 523 S.W.2d at 936). To show that the conduct of the trial counsel prejudiced the defense, Petitioner must establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 370 (quoting *Strickland*, 466 U.S. at 694). Furthermore, in reviewing counsel's performance, this court "must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from the perspective of counsel at that time." *Howell v. State*, 185 S.W.3d 319, 326 (Tenn. 2006)(citing *Strickland*, 466 U.S. at 689, 104 S. Ct. 2052).

Petitioner asserts that his trial counsel's performance was deficient for failing to locate certain individuals and have them serve as witnesses. In order to succeed under this claim, a petitioner must present the witnesses at the post-conviction hearing. *Plyant v. State*, 263 S.W.3d 854, 869 (Tenn. 2008)(citing *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990)). "The post-conviction court must then determine whether the testimony would have been (1) admissible at trial and (2) material to the defense." *Id.* (citing *McAlpin v. State*, No. M2004-03043-CCA-R3-PC, 2005 WL 2453983, at *8 (Tenn. Crim. App. Oct. 5, 2005)). Both of these elements must be met, thus the post-conviction court can determine that the testimony would not have materially aided the petitioner even if it was admissible. *Id.*

The post-conviction court heard testimony from two witnesses whom Petitioner claims should have been subpoenaed to testify at trial. Following this, the post-conviction court found trial counsel credible and that trial counsel was not deficient because trial counsel was never provided with the adequate information needed to locate the potential witnesses before trial. Petitioner has failed to present clear and convincing evidence that this finding by the post-conviction court is in error. Because Petitioner has failed to show defective performance by trial counsel, this court need not address the issue of whether prejudice existed.

Petitioner asserts that there was sufficient evidence to establish an unconstitutional jury pool from which the trial jury was selected. However, Petitioner has failed to show exactly what claim this is furthering, or show what relief is sought. Petitioner's amended petition is not included in the record, and no specific claim or citation to *relevant* authority is included in Petitioner's brief on this issue. Having failed to cite to any *relevant* legal authority, argument, or references to the record, we will consider this issue to be waived pursuant to Tenn. Crim. App. R. 10(b).

Furthermore, the claim that Petitioner is entitled to post-conviction relief on the basis of an unconstitutional make-up of the jury pool is waived by statute. T.C.A. § 40-30-10(b)(9) provides that an issue which can be presented in a prior proceeding, but is not presented is waived as a stand-alone claim and cannot be raised in post-conviction proceedings. This issue could have been raised at trial and on direct appeal, but was not.

For the foregoing reasons, we affirm the judgment of the post-conviction court.

_____
THOMAS T. WOODALL, PRESIDING JUDGE

6